UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cr-30017-NMG |
| | ) | |
| JAMES MELVIN, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION REGARDING DEFENDANT'S REQUEST
FOR SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255
(Dkt. No. 273)

ROBERTSON, U.S.M.J.

I.     INTRODUCTION

On May 8, 2018, the trial judge denied James Melvin's ("Petitioner") 28 U.S.C. § 2255

petition to vacate, set aside, or correct his sentence (Dkt. No. 271).[1]  Petitioner, proceeding *pro*

*se*, has now moved under Fed. R. Civ. P. 15(d) to supplement his petition based on *United States*

*v. Townsend*, 897 F.3d 66 (2d Cir. 2018) (Dkt. No. 273).  The United States of America ("the

government") has opposed Petitioner's motion (Dkt. No. 276).  The trial judge referred the

motion to this court for a report and recommendation (Dkt. No. 274).  *See* 28 U.S.C.

§636(b)(1)(b); Fed. R. Civ. P. 72; Rule 10, Rules Governing Section 2255 Proceedings.  For the

reasons detailed below, the undersigned recommends that Defendant's motion be DENIED.

---

[1] "Although a motion under 28 U.S.C. § 2255 initiates a civil action, all submissions related to
this motion have been docketed under the original criminal case giving rise to this motion."
*United States v. Watson*, 98 F. Supp. 3d 225, 228 n.1 (D. Mass. 2015).  Accordingly, all docket
citations are to the criminal case docket, 10-cr-30017-NMG.

*Report and Recommendation accepted and
adopted.  SGMGorton, USDJ  7/11/19*

II.   PROCEDURAL BACKGROUND[2]

The procedural history of the case is pertinent to the disposition of Petitioner's motion. On May 20, 2010, a grand jury sitting in the United States District Court for the District of Massachusetts returned a single count indictment charging Petitioner with distributing cocaine base or possessing cocaine base with intent to distribute (Dkt. No. 2). *See* 21 U.S.C. § 841(a)(1). The government filed an information pursuant to 21 U.S.C. § 851 before Petitioner's first trial, which commenced on November 28, 2011 before the Honorable Nathaniel M. Gorton and a jury (Dkt. No. 97). After the jury found Petitioner guilty, Judge Gorton sentenced him to 180 months in prison and six years of supervised release (Dkt. Nos. 111, 127). On September 17, 2013, Petitioner's conviction was vacated and the case was remanded for a new trial. *See United States v. Melvin*, 730 F.3d 29, 40 (1st Cir. 2013).

On retrial in March 2014, a jury again found Petitioner guilty and Judge Gorton imposed a sentence of 168 months imprisonment and six years of supervised release (Dkt. Nos. 201, 206, 207, 208, 212, 225). In calculating Petitioner's sentence, the trial judge found that he was a career offender under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.2(b) based on three predicate offenses: a 1998 criminal sale of a controlled substance in the third degree, in violation of N.Y. Penal Law § 220.39 (McKinney) (hereinafter "New York conviction"); a 2002 conviction for possession of contraband in prison; and 2005 federal convictions for conspiring to possess narcotics with intent to distribute and conspiring to commit extortion (Sent. Tr.: 11-12).

---

[2] For the purpose of this Report and Recommendation, the sentencing transcript (Dkt. No. 240) is abbreviated as "(Sent. Tr.: [page])".

The First Circuit affirmed Petitioner's conviction, *see United States v. Melvin*, 628 F. App'x 774, 778 (1st Cir. 2015), and the Supreme Court denied the petition for a writ of certiorari on February 29, 2016 (Dkt. No. 246). *See Melvin v. United States*, 136 S. Ct. 1236 (2016).

On January 12, 2017, Petitioner moved to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 247). Judge Gorton ordered the government to respond (Dkt. No. 248). *See* 28 U.S.C. § 2255(b); Rules 4(b) & 5(a), Rules Governing Section 2255 Proceedings. After the government filed its opposition and Petitioner replied, Judge Gorton referred the motion to the undersigned for a report and recommendation (Dkt. Nos. 259, 260, 264). *See* Rule 5, Rules Governing Section 2255 Proceedings. The court issued its report recommending that Petitioner's motion be denied and that no certificate of appealability should issue (Dkt. No. 270). Judge Gorton adopted the report and recommendation on May 8, 2018 (Dkt. No. at 271). *See United States v. Melvin,* Case No. 10-cr-30017-NMG, 2018 WL 2134028, at *16 (D. Mass. May 8, 2018).

Petitioner filed the instant motion to supplement his § 2255 petition on October 29, 2018 (Dkt. No. 273). The government's opposition to Petitioner's motion contends that the motion is barred by procedural hurdles and, to the extent the court reaches the merits of Petitioner's claim, it should not succeed (Dkt. No. at 276).

III.    ANALYSIS

A.    Legal Standards

A petitioner is entitled to relief under § 2255 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") if the petitioner's sentence (1) "was imposed in violation of the Constitution or laws of the United States;" or (2) was imposed by a court that lacked jurisdiction; or (3) "was in excess of the maximum authorized by law;" or (4) was "otherwise subject to

3

collateral attack." 28 U.S.C. § 2255(a). *See David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (citing *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). "The burden is on the petitioner to make out a case for section 2255 relief." *Id.* (citing *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980)). "Where, as here, a petitioner is acting *pro se*, his petition must be 'liberally construed . . . [and] a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *United States v. Robinson*, 227 F. Supp. 3d 141, 146 (D. Mass. 2016) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Petitioner seeks leave to supplement his previous § 2255 petition to assert, based on *Townsend,* that he is entitled to correction of his sentence because his New York conviction does not qualify as a predicate controlled substance offense that qualified him as a career offender under § 4B1.2(b) of the Guidelines (Dkt. No. 273 at 1).

> The relevant sentencing guideline instructs that a defendant qualifies as a career offender if (i) he is 18 years old or older at the time he commits the offense of conviction; (ii) that offense is a crime of violence or a controlled substance offense; and (iii) he has at least two prior felony convictions for crimes of violence or controlled substance offenses.

*United States v. Willings*, 588 F.3d 56, 57 (1st Cir. 2009) (citing U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (U.S. SENTENCING COMM'N 2016)). As used in § 4B1.1(a), "controlled substance offense"

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits [1] the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or [2] the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b).

B.      Procedural Barriers

4

Although a "request for habeas relief challenging the validity of . . . career offender

enhancement under the Sentencing Guidelines falls squarely under § 2255," *Alexander v.*

*Spaulding*, Civil Action No. 18-cv-11100, 2019 WL 1027925, at *3 (D. Mass. Mar. 4, 2019), the

government cites the following procedural roadblocks that bar the court from granting

Petitioner's motion: (1) the motion is not a supplemental pleading under Fed. R. Civ. P. 15(d)

but, instead, is an impermissible second § 2255 petition over which the court lacks jurisdiction;

(2) to the extent the court has jurisdiction to consider Petitioner's motion, the ground on which it

is based was decided by the Court of Appeals for the First Circuit on the appeal of his conviction

and, therefore, has become the law of the circuit; (3) to the extent the principles of the law of the

circuit doctrine do not bar the claim, it is subject to procedural default; and (4) if the motion is

viewed as a motion to alter or amend the § 2255 judgment under Fed. R. Civ. P. 59(e), the court

lacks jurisdiction to entertain the motion because it was filed late.   The court will address each

of the government's procedural arguments.

> 1. The Petitioner's motion does not qualify as a supplemental pleading under
> Rule 15(d) but, instead, is a second or successive § 2255 motion which
> should be dismissed for want of jurisdiction.

Petitioner relies on Fed. R. Civ. P. 15(d) as the source of his motion (Dkt. No. 273).

"Federal Rule of Civil Procedure 15 governs amendments to habeas petitions in a § 2255

proceeding." *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005) (citing *United States v.*

*Duffus*, 174 F.3d 333, 336 (3d Cir. 1999)).   Rule 15(d) permits a court to grant "a party [leave] to

serve a supplemental pleading setting out any transaction, occurrence, or event that happened

after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).   Although Plaintiff

filed his original petition on January 12, 2017 and *Townsend,* the case upon which he now relies,

was decided by the Court of Appeals for the Second Circuit on July 23, 2018, the trial judge

5

issued the judgment denying the original § 2255 petition on May 8, 2018, before the *Townsend* decision was issued (Dkt. Nos. 247, 271). *See Townsend*, 897 F.3d at 66; *Melvin*, 2018 WL 2134028, at \*1. Inasmuch as Judge Gorton denied Petitioner's initial § 2255 petition, did not issue a certificate of appealability, and there is no appeal currently pending, the denial of Petitioner's initial § 2255 petition was a final adjudication (Dkt. Nos. 270, 271). *See Melvin*, 2018 WL 2134028, at \*16; *Santiago-Vazquez v. United States*, CIV. No. 06-1987(PG), Crim. No. 97-071(PG), 2010 WL 2207750, at \*1 (D.P.R. May 28, 2010); 28 U.S.C. §§ 2253(c)(1)(B), 2255(d); Rule 11(a), Rules Governing Section 2255 Proceedings. Supplementation of a previously adjudicated § 2255 petition is not permitted. *See United States v. Hames*, 431 F. App'x 846, 847 (11th Cir. 2011) (per curiam) (unpublished) ("[A] motion under § 2255 can only be amended under Rule 15 before judgment is issued; Rule 15 has no post-judgment application.") (citing *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344–45 (11th Cir. 2010)); *Whiting v. United States*, No. 97-2033, 1998 WL 1281294, at \*2 n.1 (1st Cir. June 26, 1998) (unpublished table decision) (affirming the district court's dismissal of a post-adjudication motion to amend a § 2255 petition as a successive petition). The motion's caption as a request to "supplement" the original petition does not alter this determination (Dkt. No. 273). *See United States v. Gwathney*, Nos. CV 07-0899 WJ/LAM, CR 04-1553 WJ, 2009 WL 10648259, at \*1 (D.N.M. Sept. 16, 2009) ("The title given to a motion by the movant is not dispositive in determining whether the motion is a second or successive § 2255 motion.") (citing *United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006)).

As a second § 2255 petition, Petitioner's motion should be denied because Petitioner failed to comply with the procedural requirements mandated by the AEDPA. "[A] petitioner may not file a second or successive petition under § 2255 without first obtaining permission from

the court of appeals." *Nascimento v. United States*, Cr. No. 03-10329-PBS, 2012 WL 1004316, at *3 (D. Mass. Mar. 22, 2012), *appeal docketed*, No. 13-8021 (1st Cir. June 28, 2013) (citing 28 U.S.C. § 2255(a), (e), (h)). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2255 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Rule 9, Rules Governing Section 2255 Proceedings ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Because there is nothing in the record indicating that Petitioner applied for or obtained the proper certification from the court of appeals, the district court lacks jurisdiction to entertain Petitioner's current motion. *See Rodwell v. Pepe*, 324 F.3d 66, 72-73 (1st Cir. 2003) (holding that the court "had no choice" but to dismiss the second or successive habeas petition for lack of jurisdiction where petitioner failed to obtain the court of appeals' permission to file it); *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) (Section 2255's requirement that a petitioner obtain a certificate from the court of appeals prior to filing a second or successive petition "strip[s] the district court of jurisdiction over a second or successive petition unless and until the court of appeals has decreed that it may go forward.").

Even if this court had authorization from the First Circuit Court of Appeals to consider Petitioner's second § 2255 petition, which it does not, the court should find it untimely. Under AEDPA, a petitioner must file a § 2255 petition within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner alleges no new constitutional right recognized by the Supreme Court that has been made retroactive on collateral review, no newly-discovered evidence, or any unconstitutional government impediment that delayed the amendment. Thus, the one-year statute of limitations for filing a habeas petition began to run on the date that Petitioner's judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).

"[A] conviction becomes final for purposes of triggering the one-year limitations period of section 2255 when certiorari is denied . . . ." *In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006). Because the Supreme Court denied Petitioner's petition for writ of certiorari on February 29, 2016 (Dkt. No. 246), *see Melvin*, 136 S. Ct. at 1236, the one-year time limit expired on or about March 1, 2017, approximately twenty months before Petitioner filed the instant petition on October 29, 2018 (Dkt. No. 273). Therefore, Petitioner's successive petition would be time-barred even if it was properly before this court.

> 2.  The issue now raised by Petitioner was raised and decided in his appeal and, therefore, the court should find that the law of the circuit precludes relief under § 2255.

Relying on *Townsend*, Petitioner contends that N.Y. Penal Law § 220.39 is not a "controlled substance offense" under U.S.S.G. § 4B1.2(b) because the New York law includes substances that are not criminalized by federal law (Dkt. No. 273). In *Townsend,* the Second

Circuit held that the term "'controlled substance' in U.S.S.G. § 4B1.2(b) refers exclusively to drugs listed under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et. seq., thus precluding a state statute that 'sweeps more broadly than its federal counterpart' from serving as the basis for a predicate offense" for career offender status. *United States v. Sadler,* Nos. 17-3350, 17-3368, 2019 WL 1513502, at *2 (2d Cir. Apr. 8, 2019) (summary order) (quoting *Townsend,* 897 F.3d at 74). The government counters that, to the extent the court has jurisdiction to hear the instant petition, the law of the circuit doctrine precludes Petitioner from challenging § 220.39 on the grounds that he now raises.

The law of the circuit doctrine is a "'subset of stare decisis.'" *United States v. Barbosa,* 896 F.3d 60, 74 (1st Cir.), *cert. denied,* 139 S. Ct. 579 (2018) (quoting *San Juan Cable LLC v. P.R. Tel. Co.,* 612 F.3d 25, 33 (1st Cir. 2010)). According to the doctrine, "[i]n a multi-panel circuit, newly constituted panels are, for the most part, bound by prior panel decisions closely on point." *Williams v. Ashland Eng'g Co.,* 45 F.3d 588, 592 (1st Cir. 1995), *abrogated on other grounds by Carpenter's Local Union No. 26 v. U.S. Fid. & Guar. Co.,* 215 F.3d 136 (1st Cir. 2000). *See United States v. López,* 890 F.3d 332, 339 (1st Cir.), *cert. denied,* 139 S. Ct. 261 (2018) (the law of the circuit doctrine requires the court to "follow prior panel decisions closely on point."). "The law of the circuit doctrine is one of the sturdiest 'building blocks on which the federal judicial system rests.'" *Barbosa,* 896 F.3d at 74 (quoting *San Juan Cable LLC,* 612 F.3d at 33). "It provides stability and predictability to litigants and judges alike, while at the same time fostering due respect for a court's prior decisions." *Id.* (citation omitted).

There are exceptions to the law of the circuit doctrine. "In that sense, the doctrine is 'neither a straightjacket nor an immutable rule.'" *Id.* (quoting *Carpenters Local Union No. 26,* 215 F.3d at 142). "[T]he exceptions to the law of the circuit doctrine are narrowly circumscribed

and their incidence is 'hen's-teeth-rare.'" *Id.* (quoting *San Juan Cable LLC*, 612 F.3d at 33).

"One such exception applies when the holding of a previous panel is contradicted by subsequent

controlling authority, such as a decision by the Supreme Court, an en banc decision of the

originating court, or a statutory overruling." *Id.* (citing *United States v. Rodríguez*, 527 F.3d 221,

225 (1st Cir. 2008)). *See United States v. Holloway*, 499 F.3d 114, 118 (1st Cir. 2007) ("[I]t is

axiomatic that new panels are bound by prior panel decisions in the absence of supervening

authority."). "A second exception may come into play when 'authority that postdates the original

decision, although not directly controlling, nevertheless offers a sound reason for believing that

the former panel, in light of fresh developments, would change its collective mind.'" *Williams*,

45 F.3d at 592. Because Petitioner has not demonstrated that one of the exceptions applies to

alter the panel's decision in his 2015 appeal, the law of the circuit doctrine should preclude the

relief that he seeks. *See Barbosa*, 896 F.3d at 74; *Williams*, 45 F.3d at 592.

In 2015, the First Circuit Court of Appeals rejected Petitioner's challenge to the district

court's reliance on his 1998 New York conviction as a predicate for determining that he was a

career offender for sentencing purposes. *See Melvin*, 628 F. App'x at 776-78. The court found

N.Y. Penal Law § 220.39 to be a "controlled substance offense" under both prongs of U.S.S.G. §

4B1.2(b). *Id.* Relying on *United States v. Bryant*, 571 F.3d 147 (1st Cir. 2009), and the law of

the circuit doctrine, the court first determined that § 220.39 was a controlled substance offense

under the "possession" prong of § 4B1.2(b). *See id.* at 776-77. The court then concluded

"independently of *Bryant*, that a conviction under New York Penal Law § 220.39 [was] a

controlled substance offense" under the "distribution" prong of § 4B1.2(b). *Id.* at 777. *See also*

10

*United States v. Whindleton,* 797 F.3d 105, 111 (1st Cir. 2015) (holding that N.Y. Penal Law §

220.39 qualified as a "serious drug offense" under the Armed Career Criminal Act ("ACCA")).[3]

Absent an exception to the law of the circuit doctrine, the courts of the First Circuit are

bound by the court's ruling in *Melvin. See United States v. Bishop,* 453 F.3d 30, 31 (1st Cir.

2006) (the district court was "bound to . . . the law of the circuit"); *Island View Residential*

*Treatment Ctr., Inc. v. Bluecross Blueshield of Mass., Inc.,* Civil Action No. 07-10581-DPW,

2007 WL 4589335, at *19 n.15 (D. Mass. Dec. 28, 2007) ("A District Court . . . is bound to

apply the law of its circuit at the time it is called upon to address an issue."). Petitioner fails to

identify a Supreme Court decision, an en banc decision, or a statute that overrules the holding of

*Melvin. See Barbosa,* 896 F.3d at 74. In addition, Petitioner does not cite a decision signaling

the *Melvin* panel would be likely to overrule its decision. *See id.* Instead, Petitioner cites

*Townsend,* a decision of the Second Circuit. However, Second Circuit decisions are not binding

on the courts of this circuit. *See López,* 890 F.3d at 341 ("sister circuit decisions [are] not

binding on this court").

In *United States v. Nelson,* Criminal No. 2:16-CR-60-DBH, 2018 WL 4568588, (D. Me.

Sept. 24, 2018), *appeal docketed,* No. 18-2017 (1st Cir. Oct. 17, 2018), the petitioner, citing the

Second Circuit's holding in *Townsend,* challenged the use of his prior Massachusetts narcotics

conviction to enhance his federal sentence. *See id.* at *1 & n.2. Like Townsend, Nelson argued

that because the Massachusetts statute included some substances that are not controlled

---

[3] The standards for determining whether a prior state conviction qualifies as a "controlled
substance offense" under U.S.S.G. § 4B1.2(b) or a "serious drug offense" under the ACCA are
similar. *See López,* 890 F.3d at 336; *United States v. Giggey,* 551 F.3d 27, 38 (1st Cir. 2008) (en
banc) (holding that, although *Taylor v. United States,* 495 U.S. 575 (1990), concerned the
ACCA, the categorical approach may also be applied in interpreting the career offender
guideline).

substances under federal law, the scope of the Massachusetts statute was broader than the federal

statute and, consequently, his Massachusetts conviction was not a controlled substance offense

under the sentencing guidelines. *See id.* Relying on the First Circuit's decision in *United States*

*v. Hudson,* 823 F.3d 11, 15 (1st Cir. 2016), *cert. denied,* 137 S. Ct. 620 (2017), which addressed

the same Massachusetts statute and found that it was a predicate controlled substance offense for

career offender status, the district court rejected the petitioner's *Townsend*-based argument. *See*

*Nelson,* 2018 WL 4568588 at *1 & n.2. *See also United States v. Bryant,* No. 1:11-cr-00021-

JAW, 2011 WL 1456149, at *3 (D. Me. Apr. 13, 2011) (the law of the circuit doctrine precluded

the district court from applying case law of other circuits that supported defendant's position);

*Fulco v. Cont'l Cablevision, Inc.*, CIV. A. No. 89-1342 S, 1990 WL 120689, at *1 (D. Mass.

June 19, 1990) ("Since there is controlling authority from our court of appeals, the Southern

District of New York's standard is irrelevant."). Accordingly, the court should find that the law

of the circuit doctrine precludes it from addressing Petitioner's motion on the merits.

      3.     Petitioner's claim based on *Townsend* is barred by procedural default.

     Even if the court has jurisdiction over a second § 2255 petition and there is an exception

preventing application of the the law of the circuit doctrine, the court should find that Petitioner's

claim is barred by procedural default. As discussed earlier, on appeal, Petitioner challenged his

status as a career offender based on the New York conviction. *See Melvin,* 628 F. App'x at 776-

78. Petitioner's current variation of the argument he raised on appeal should be found doomed

by his failure to raise it earlier.

     "Under the longstanding 'procedural default' rule, '[a] nonconstitutional claim that could

have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255

absent exceptional circumstances.'" *Damon v. United States,* 732 F.3d 1, 4 (1st Cir. 2013)

(alteration in original) (quoting *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994)); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."). "In such cases, '[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent."'" *Damon*, 732 F.3d at 4 (alteration in original) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted)). Because there is nothing in the record excusing Petitioner's failure to raise the argument at trial or on appeal, his instant claim is subject to procedural default. *See Wilder v. United States*, 806 F.3d 653, 658-59 (1st Cir. 2015).

To the extent the court has jurisdiction to consider the question now raised, the court should find that Petitioner has not succeeded in demonstrating cause for failing to raise the *Townsend*-based issue either at the time of sentencing or on appeal. "In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim . . . . Objective factors that constitute cause include . . . 'a showing that the factual or legal basis for a claim was not reasonably available to counsel.'" *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The decision in *Townsend* is based on the following legal premise: "[i]f a state statute is broader than its federal counterpart -- that is, if the state statute criminalizes some conduct that is not criminalized under the analogous federal law -- the state conviction cannot support an increase in the base offense level." *Townsend*, 897 F.3d at 72. *See Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) ("a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense.") (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). At sentencing and on appeal, Petitioner argued that the New York

conviction did not qualify as a predicate offense under U.S.S.G. § 4B1.2(b) because the statute was broader than the Guidelines' definition of a controlled substance offense (Dkt. No. 220 at 7-9; Sent. Tr.: 8, 23). *See Melvin,* 628 F. App'x at 776-78. The fact that the ground Petitioner now raises is based on the same legal theory should defeat Petitioner's ability to demonstrate cause for failing to raise it earlier. *See Bousley,* 523 U.S. at 622-23 (petitioner generally may not raise a previously available claim for the first time on § 2255 review). The court should further find that Petitioner cannot succeed in demonstrating prejudice either. In order to qualify as a career offender under U.S.S.G. § 4B1.1(a), a defendant must have "at least two prior felony convictions" for crimes of violence or controlled substance offenses. U. S. SENTENCING GUIDELINES MANUAL § 4B1.1(a). Petitioner had three prior qualifying convictions and is only challenging one (Sent. Tr.: 11-12).[4]

> 4.      If Petitioner's motion is construed as a motion for reconsideration, it should be denied.

Petitioner should fare no better if his motion is considered a motion for reconsideration of the denial of his original § 2255 petition under Fed. R. Civ. P. 59(e) based on the ruling in *Townsend. See In re Sun Pipe Line Co.,* 831 F.2d 22, 24 (1st Cir. 1987) (explaining that any "motion which ask[s] the court to modify its earlier disposition of a case because of an allegedly erroneous legal result" must be deemed to be brought under Rule 59(e)). First, the rule states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The rule's [28]–day window is mandatory and jurisdictional." *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 223 (1st Cir. 1994) (citing *Vargas v. Gonzalez,* 975 F.2d 916, 917 (1st Cir. 1992); *Barrett v. United*

---

[4] Petitioner does not claim actual innocence. *See Damon,* 732 F.3d at 4.

*States,* 965 F.2d 1184, 1187 (1st Cir. 1992)). "Thus, the period set for prosecuting a Rule 59(e) motion may not be extended." *Id. See* Fed. R. Civ. P. 6(b)(2) (explaining that the district court "must not extend the time to act" under Rule 59(e)).

Petitioner filed the motion 178 days after the trial judge denied the § 2255 petition (Dkt. Nos. 271, 273). Consequently, the court lacks jurisdiction to decide the motion if it is deemed to request reconsideration. *See García-Velázquez v. Frito Lay Snacks Caribbean,* 358 F.3d 6, 8-9 (1st Cir. 2004) (district court lacked authority to grant an untimely-filed motion for reconsideration).

Even if the motion was timely filed, Petitioner should not prevail. "A Rule 59(e) motion is analyzed under the standards applicable to a motion for reconsideration." *Goldman v. United States,* Cr. No. 92-10229-MLW, 2019 WL 1129455, at *4 (D. Mass. Mar. 12, 2019) (citing *United States v. $23,000 in U.S. Currency,* 356 F.3d 157, 165 n.9 (1st Cir. 2004)). "In the First Circuit, reconsideration is warranted only when: (1) the moving party presents newly discovered evidence that is material to the court's decision; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust." *Id.* (citing *United States v. Allen,* 573 F.3d 42, 53 (1st Cir. 2009)). "Courts should not permit motions for reconsideration to be used as vehicles for pressing arguments that could have been asserted earlier or for rearguing theories that have been previously advanced and rejected." *Id.* (citing *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006)). "Rather, the granting of motions for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Id.* (quoting *Palmer,* 465 F.3d at 30). As previously discussed, Petitioner now attempts to raise a theory that was available earlier or was raised and rejected by the appellate court. Consequently, a motion styled as one for reconsideration of the first § 2255 petition should not succeed.

In summary, the court recommends that Petitioner's motion be denied on procedural grounds. It is either an impermissible second § 2255 petition or motion to reconsider the original § 2255 petition. The court lacks jurisdiction to consider the motion in either case. Even if the court has jurisdiction to address the motion, the law of the circuit doctrine and procedural default should preclude the court from addressing the merits of Petitioner's claim.

C.     The *Townsend* Claim

To the extent consideration of the merits of Petitioner's motion is not barred by procedural defects, the undersigned recommends that Petitioner should be denied relief. He claims that N.Y. Penal Law § 220.39 is broader than the CSA because the CSA does not control specific substances that are regulated by § 220.39, and, therefore, his New York conviction does not qualify as a controlled substance offense under U.S.S.G. § 4B1.2(b) (Dkt. No. 273).

Under the Sentencing Guidelines, as relevant here, a defendant who has two or more prior convictions of "controlled substance offenses" is considered a career offender. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a). Section 4B1.2(b) defines "controlled substance offenses." *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b).

A prior conviction for a controlled substance offense qualifies as a predicate offense "if, but only if, its elements are the same as, or narrower than," the Guidelines' description of a generic controlled substance offense. *Mathis*, 136 S. Ct. at 2247. *See Henderson v. Grondolsky*, CIVIL ACTION NO. 17-10451-JGD, 2019 WL 1409297, at *9 (D. Mass. Mar. 28, 2019) ("'A state conviction cannot qualify as a "controlled substance offense" if its elements are broader than those listed in § 4B1.2(b).'") (quoting *United States v. Glass*, 904 F.3d 319, 321-22 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 840 (2019)). In order to determine whether a past conviction for violating a state statute like § 220.39 qualifies as a "controlled substance offense," courts apply

16

"what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements [of U.S.S.G. § 4B1.2(b)], while ignoring the particular facts of the case." *Mathis*, 136 S. Ct. at 2248. "The comparison of elements that the categorical approach requires is straightforward when a statute [like § 220.39] sets out a single (or 'indivisible') set of elements to define a single crime. The court then lines up that crime's elements alongside those of the generic offense and sees if they match." *Id.*

In *Townsend*, the court applied the categorical approach to determine whether the defendant's prior conviction for fifth degree criminal sale of a controlled substance under N.Y. Penal Law § 220.31 (McKinney) qualified as a "controlled substance offense" under U.S.S.G. § 4B1.2(b). *See Townsend*, 897 F.3d at 68. The statute criminalized the knowing and unlawful sale of a "controlled substance," meaning any substance listed in schedule I, II, III, IV, or V of N.Y. Pub. Health Law § 3306 (McKinney) other than marijuana. *See* N.Y. Penal Law §§ 220.00 (McKinney), 220.31; N.Y. Pub. Health Law § 3306. Interpreting the Guidelines as referring exclusively to substances controlled under federal law, the court found that the state statute did not categorically match the federal crime because the state statute criminalized the sale of Human Chorionic Gonadotropin ("HCG"), which was not included in the federal CSA. *See Townsend*, 897 F.3d at 68-69, 74. Consequently, the court found that Townsend's prior conviction for violating § 220.31 was not a predicate conviction for a sentence enhancement under U.S.S.G. § 4B1.2(b). *See id.* at 75.[5]

---

[5] The Second Circuit joined the Fifth, Eighth, and Ninth Circuits in holding that a "'controlled substance' refers exclusively to a substance controlled by the CSA.'" *Townsend*, 897 F.3d at 72 (citing *United States v. Gomez-Alvarez*, 781 F.3d 787, 793-94 (5th Cir. 2015); *United States v. Leal-Vega*, 680 F.3d 1160, 1166-67 (9th Cir. 2012); *United States v. Sanchez-Garcia*, 642 F.3d 658, 661-62 (8th Cir. 2011)). The Sixth Circuit, however, disagrees. *See United States v. Smith*, 681 F. App'x 483, 489 (6th Cir.), *cert. denied*, 137 S. Ct. 2144 (2017) ("Because there is no requirement that the particular controlled substance underlying a state conviction also be

Unlike the defendant in *Townsend*, Petitioner was previously convicted of violating N. Y. Penal Law § 220.39, which proscribes criminal sale of a controlled substance in the third degree. *See Melvin,* 628 F. App'x at 776 & n.1. That statute does not sweep as broadly as § 220.31. *See Sadler,* 2019 WL 1513502, at *2. Section 220.39 says: "A person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells" the controlled substances enumerated in the statute. N.Y. Penal Law § 220.39. The statute makes it unlawful to sell: (1) "a narcotic drug" (meaning "any controlled substance listed in schedule I(b), I(c), II(b), or II(c) [of N.Y. Pub. Health Law § 3306] other than methadone");[6] or (2) "a stimulant" (meaning "any controlled substance listed in schedule I(f), II(d)"), a "hallucinogen" (meaning "any controlled substance listed in schedule I(d)(5), (18), (19), (20), (21) and (22)"), a "hallucinogenic substance" (meaning "any controlled substance listed in schedule I(d) other than concentrated cannabis, lysergic acid diethylamide, or an hallucinogen"), or "lysergic acid diethylamide" and the person "has previously been convicted of an offense defined in article two hundred twenty or the attempt or conspiracy to commit any such offense;" or (3) "a stimulant" weighing one gram or more; or (4) "lysergic acid diethylamide" weighing one milligram or more; or (5) "a hallucinogen" weighing twenty-five milligrams or more; or (6) "a hallucinogenic substance" weighing one gram or more; or (7) "one or more preparations, compounds, mixtures

---

controlled by the federal government, and because the Guidelines specifically include offenses under state law in § 4B1.2, the fact that Illinois may have criminalized the 'manufacture, import, export, distribution, or dispensing' of some substances that are not criminalized under federal law does not prevent conduct prohibited under the Illinois statute from qualifying, categorically, as a predicate offense.").

[6] The controlled substances enumerated in N.Y. Penal Law § 220.39 are defined in N.Y. Penal Law § 220.00. Section 220.00, in turn, includes references to N.Y. Pub. Health Law § 3306, which lists specific controlled substances in schedules I through V, which are referenced herein. *See* N.Y. Pub. Health Law § 3306.

or substances containing methamphetamine, its salts, isomers or salts of isomers and the preparations, compounds, mixtures or substances are of an aggregate weight of one-eighth ounce or more;" or (8) "phencyclidine" weighing two hundred fifty milligrams or more; or (9) "a narcotic preparation to a person less than twenty-one years old." N.Y. Penal Law §§ 220.00, 220.39.[7]

In Petitioner's appeal, the Court of Appeals for the First Circuit applied the categorical approach to N.Y. Penal Law § 220.39 and determined that the New York statute "encompasse[d] only conduct that qualifies as a controlled substance offense." *Melvin,* 628 F. App'x at 777-78 & n.5 (citing *Taylor,* 495 U.S. at 600-02; *United States v. Davila-Félix,* 667 F.3d 47, 55-56 (1st Cir. 2011)).[8] Petitioner now contends that because the CSA does not criminalize "betacetylmethadol, methylfentanyl [sic], 3-methylthiofentanyl, MPPP, PEPAP, [and] 4-methyl-2" which are listed as controlled substances under N.Y. Penal Law §§ 220.00, 220.39 and N.Y. Pub. Health Law § 3306, the New York statute was broader than the federal law and cannot be used as a predicate offense (Dkt. No. 273 at 3). However, even assuming that the First Circuit adopts the rule announced in *Townsend,* Petitioner should be denied relief because after comparing the New York schedules applicable to N.Y. Penal Law § 220.39 and the federal CSA schedules of

---

[7] The government did not identify the subsection of § 220.39 of which Petitioner was convicted and it was not identified in the presentence report ("PSR"), Petitioner's sentencing memorandum, the government's response to Petitioner's sentencing memorandum, or the sentencing transcript (Dkt. Nos. 220, 223; Sent. Tr.). *See Melvin,* 628 F. App'x at 776 n.1. *See also Sadler,* 2019 WL 1513502, at *2 (the rule announced in *Townsend* did not apply where defendant's previous conviction was identified as the criminal sale of cocaine, a "narcotic drug" under N.Y. Penal Law § 220.39(1), and the statutory meaning of "narcotic drug" corresponded with the substances listed under the CSA).

[8] If a court determines that a statute's elements are divisible, it applies a modified categorical approach. *See Mathis,* 136 S. Ct. at 2249; *Whindleton,* 797 F.3d at 108. As discussed, the First Circuit Court of Appeals has applied the categorical approach to § 220.39. *See Melvin,* 628 F. App'x at 777 n.5.

controlled substances contained in 21 C.F.R. §§ 1308.11-1308.15, the drugs Petitioner identified

match substances criminalized under the CSA. *See Sadler*, 2019 WL 1513502, at *2.

Specifically, 21 C.F.R. § 1308.11 criminalizes the following: betacetylmethadol, which is listed

on Sched. I(b)(12); 3-methylfentanyl, which is listed on Sched. I(b)(37);[9] 3-methylthiofentanyl,

which is listed on Sched. I(b)(38); MPPP, which is listed on Sched. I(b)(40); PEPAP, which is

listed on Sched. I(b)(47); and 4-methyl-2, which is listed on Sched. I(d)(9) as "4-methyl-2,5-

dimethoxy-amphetamine." *See* 21 C.F.R. § 1308.11. Because N.Y. Penal Law § 220.39 "is the

same as, or narrower than, the generic federal counterpart for that crime," it qualifies as a

predicate offense for career offender status. *Townsend*, 897 F.3d at 73. *See Descamps v. United*

*States*, 570 U.S. 254, 257 (2013) ("The prior [state] conviction qualifies as a[] . . . predicate only

if the statute's elements are the same as, or narrower than, those of the generic [federal]

offense."); *López*, 890 F.3d at 336 ("If the relevant statute of conviction has the same or narrower

elements than a [controlled substance] offense, the offense may serve as a[] . . . predicate.").[10]

IV.   CONCLUSION

For the above-stated reasons, the undersigned recommends that Petitioner's Motion for

Request of Supplemental Brief (Dkt. No. 273) be DENIED, and to the extent the motion is

---

[9] Petitioner lists "methylfentanyl" as a controlled substance under New York Law without citation to a specific section of N.Y. Pub. Health Law § 3306 (Dkt. No. 273 at 3). However, the court could only locate "3-methylfentanyl" on the New York schedule and presumes Petitioner made a scrivener's error. *See* N.Y. Pub. Health Law § 3306, sched. I(b)(34).

[10] As discussed earlier, even if *Townsend* applies to disqualify § 200.39 as a predicate offense for career offender status under the Guidelines, Petitioner's 2002 and 2005 convictions qualified as predicates for sentence enhancement. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a).

considered a properly-filed petition under 28 U.S.C. § 2255, that no certificate of appealability

should issue.[11]

Dated: April 18, 2019                    /s/ Katherine A. Robertson
                                         KATHERINE A. ROBERTSON
                                         UNITED STATES MAGISTRATE JUDGE

---

[11] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.