United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| James Melvin, ) | 10-30017-NMG-1 |
| ) | |
| Defendant ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant James Melvin ("Melvin" or "defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In light of the COVID-19 pandemic, Melvin seeks to have this Court reduce his 168-month sentence to time served or replace the remainder of his time with home confinement. He is currently incarcerated at FCI Gilmer ("Gilmer") in West Virginia having been convicted for drug trafficking. His projected date of release is November 1, 2025.

**I.   Background**

In February, 2010, within months of being released from prison for conspiracy to engage in extortion and to distribute controlled substances, Melvin participated in the sale of crack cocaine to a cooperating witness. Soon thereafter, a federal grand jury returned a one-count indictment charging him with

-1-

distribution and possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and, in December, 2011, a jury found him guilty of that offense. In March, 2012, this Court sentenced Mr. Melvin as a career offender to 180 months in prison, after which defendant filed a timely appeal.

In September, 2013, the First Circuit Court of Appeals ("the First Circuit") vacated Melvin's conviction and sentence and remanded the case to this Court for a new trial.  A second jury trial was held in March, 2014, at the conclusion of which Melvin was convicted on the same drug trafficking charge.  He was sentenced by this Court in July, 2014, to 168 months of imprisonment, again as a career offender.  Melvin timely appealed that conviction and sentence to the First Circuit which, that time, affirmed the judgment of this Court.  Melvin subsequently filed a petition for a writ of certiorari with the Supreme Court of the United States but his petition was denied in February, 2016.

Defendant continued in his effort to vacate his conviction thereafter and, in January, 2017, he filed a pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  In May, 2018, however, this Court accepted and adopted the Report and Recommendation entered by Magistrate Judge Katharine A. Robertson recommending that the

motion be denied. After unsuccessfully moving to supplement his petition several months after the denial, Melvin filed the instant motion for compassionate release in May, 2021.

In support of his motion, Melvin contends that he suffers from a medical condition that makes him especially vulnerable to contracting a severe case of COVID-19, namely, asthma. He concedes that he has received the COVID-19 vaccination but asserts that his release is, nonetheless, warranted because long-term data regarding the efficacy of the vaccine is currently unknown, particularly in a congregate, prison setting such as Gilmer. Finally, Melvin submits that the balance of the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.

The government opposes Melvin's motion and urges that it be denied. The government asserts that 1) defendant proffers no medical records or other evidence showing the severity or persistence of his asthma, 2) he has received the Pfizer vaccine, as have two-thirds of the Gilmer inmates, which is apparently 95% effective against COVID-19 and 3) as a career offender, Melvin remains a danger to the community.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the

factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A). Even if all other requirements are satisfied, a court should only grant a motion for release if it determines that the defendant is no longer a danger to the public. Id.

### B. Application

As a threshold issue, Melvin is not entitled to a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because he has not exhausted his administrative remedies with the Bureau of Prisons ("BOP"). He has filed no request for compassionate release with the warden of Gilmer and his futility argument is unavailing.

Furthermore, Melvin has demonstrated no "extraordinary and compelling reason[]" justifying his release. Indeed, nothing in the record shows that defendant currently suffers from any condition which would place him at an increased risk of severe illness due to COVID-19. Although defendant submits that he suffered from upper respiratory infections and asthma throughout

-4-

his youth, he is now 42 years old and has proffered no medical records demonstrating that his health condition persists today. In fact, the record is devoid of any incident in which Melvin sought or received treatment while incarcerated for any asthmatic episode. See United States v. Medina, No. 16-40006, 2021 WL 2338881, at *2 (D. Mass. 2021) (denying defendant's motion for compassionate release due to lack of evidence showing the severity of his asthma); United States v. Garcia, No. 18-40014, 2021 WL 1890290, at *2 (D. Mass. May 11, 2021) (denying defendant's motion for compassionate release because asthma was only mild).

In any event, Melvin has received the COVID-19 vaccination and there are currently no positive COVID-19 cases at FCI Gilmer, thereby significantly minimizing his risk of contracting or transferring the virus.[1]  See, e.g., United States v. Slater, -- F. Supp. 3d --, 2021 WL 2666857, at *19 ("Because [defendant] is fully vaccinated, the Court concludes the risk to [him] from COVID-19 is not an extraordinary and compelling reason for his release" (internal marks omitted)); United States v. Clark, No. 17-cr-00062, 2021 WL 277815, at *2 (S.D. W. Va. Jan 27, 2021) ("[A]n inmate cannot demonstrate extraordinary and compelling reasons exist due to COVID-19 when the inmate has been

---

[1] See COVID-19 Cases: Gilmer DCI, BOP, https://www.bop.gov/coronavirus/ (last visited July 19, 2020).

vaccinated against the disease."). Any residual risk in connection to the virus is not "extraordinary and compelling". See Slater, 2021 WL 2666857, at *19 ("Given the low incidence of COVID-19 cases and high rate of COVID-19 vaccination . . ., the Court concludes [that defendant's] risk of COVID-19 infection is not an extraordinary and compelling reason for his release").

Finally, regardless of any extraordinary and compelling reason, the Court concludes that Melvin remains a danger to the community which precludes his release. Melvin is currently incarcerated as a career offender and has nearly one-third of his sentence remaining. Thus, the seriousness of his instant offense, his prior criminal history which includes participation in a kidnapping and extortion scheme, his previous reversion to criminal behavior soon after being released from prison and the need for just punishment and respect for the law weigh heavily against his release. § 3553(a)(2). Accordingly, the Court will deny without prejudice defendant's motion for compassionate release.

**ORDER**

For the foregoing reasons, defendant's motion for compassionate release (Docket No. 293) is **DENIED without prejudice.**

**So ordered.**

>   /s/ Nathaniel M. Gorton
> Nathaniel M. Gorton
> United States District Judge

Dated July 20, 2021